# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHELMINSKI DERRELL WALKER,<br><br>        Petitioner,<br><br>        v.<br><br>MARTIN D. BITER, Warden,<br><br>        Respondent. | Case No. LA CV 15-5987 DOC (JCG)<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation, and the remaining record, and has made a *de novo* determination.

In his Objections, Petitioner opposes – on three grounds – the Report and Recommendation's conclusion that the Petition is untimely. For the reasons below, all three of Petitioner's arguments must fail.

First, Petitioner argues that, under California law, "an unauthorized sentence may be corrected any time." [Dkt. No. 10 at 3 (citing *In re Birdwell*, 50 Cal. App. 4th 926 (1996)); *see also* Dkt. No 12 at 1-2 (same).] However, the timeliness of a federal habeas petition is determined not by state law, but rather by federal law, specifically

the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1)(A-D).

Second, Petitioner contends that the Petition's delay should be excused because of its reliance on a recent California Supreme Court decision, *People v. Vargas*, 59 Cal. 4th 635 (2014). [*See* Dkt. No. 10 at 1-2; Dkt. No. 12 at 1-2.] However, *Vargas* is not a United States Supreme Court decision newly recognizing (and retroactively applying) a constitutional right, and so *Vargas* cannot delay the date that Petitioner's AEDPA limitation period began to run. *See* 28 U.S.C. 2244(d)(1)(C). Additionally, *Vargas* addresses only *state* sentencing law, an issue that is not cognizable on federal habeas review, and hence irrelevant to this Court's analysis. *See* 28 U.S.C. 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Third, in an apparent attempt to reference the *Schlup* actual innocence gateway to AEDPA's limitation period, Petitioner contests that he is "legally innocent of the sentence that he received." [Dkt. No. 10 at 2]; *see also Schlup v. Delo*, 513 U.S. 298, 324 (1995). However, a credible claim of actual innocence requires a petitioner to "show that it is more likely than not that no reasonable juror would have convicted him" in light of "new reliable evidence." *Id.* at 324, 327. Here, Petitioner makes *no* such showing and presents *no* new evidence, but instead challenges his sentencing under California's Three Strikes Law. Thus, *Schlup* is inapposite. (*See* Pet. at 7-19.)

Accordingly, IT IS ORDERED THAT:

1. The Report and Recommendation is approved and accepted;

2. Judgment be entered denying the Petition and dismissing this action with prejudice[1]; and

---

[1] Accordingly, Petitioner's request for appointment of counsel, [Dkt. No. 11], is **DENIED AS MOOT**. *See also Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986) (no Sixth Amendment right to counsel in federal habeas corpus actions); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) ("In deciding whether to appoint counsel in a habeas proceeding, the district court must

3. The Clerk serve copies of this Order on the parties.

Additionally, for the reasons stated in the Report and Recommendation and above, the Court finds that Petitioner has not shown that "jurists of reason would find it debatable whether": (1) "the petition states a valid claim of the denial of a constitutional right"; and (2) "the district court was correct in its procedural ruling." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, the Court declines to issue a certificate of appealability.

DATED: October 26, 2015

                                              HON. DAVID O. CARTER
                                              UNITED STATES DISTRICT JUDGE

---

evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.").